IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| HENRY HAMILTON GENTRY and | )  Case No. 14-60795 |
| GLORIA GAIL GENTRY, | ) |
| | ) |
| Debtors. | ) |

ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

The Chapter 13 Trustee objected to the Debtors' claimed exemptions in firearms under § 513.430.1(1) of the Missouri Statutes as household goods because the Debtors had not specified whether the firearms are for their daily household use. The Debtors responded that they use the firearms for hunting purposes. At hearing, the parties requested clarification on the question of whether debtors in Missouri are permitted to claim an exemption in firearms as household goods under § 513.430.1(1). For the reasons that follow, I find that, in the typical case, where a debtor keeps the guns for hunting or self-defense, firearms can be household goods under § 513.430.1(1) and, thus, exempt under Missouri law. The Trustee's Objection is, therefore, OVERRULED.

Missouri has opted out of the federal exemption scheme in § 522(d) of the Bankruptcy Code.[1] Consequently, debtors domiciled in Missouri during the relevant period may only claim the exemptions provided by Missouri law and federal law other than the Bankruptcy Code.[2] As relevant here, § 513.430.1(1) of the Missouri Statutes permits debtors to exempt:

---

[1] Mo. Rev. Stat. § 513.427.

[2] *Benn v. Cole* (*In re Benn*), 491 F.3d 811, 813 (8th Cir. 2007).

> Household furnishings, *household goods*, wearing apparel, appliances, books, animals, crops or musical instruments that are held primarily for personal, family or household use of such person or a dependent of such person, not to exceed three thousand dollars in value in the aggregate.[3]

The question here is whether firearms qualify as "household goods . . . held primarily for personal, family or household use" under § 513.430.1(1).

At the outset, it is important to point out that exemptability of household goods arises in two overlapping, but distinct, contexts in bankruptcy cases: First, whether a debtor may claim an exemption in certain household items, thereby removing those items from the reach of creditors (which is the issue here); and second, whether a bankruptcy debtor can avoid a nonpossessory, nonpurchase-money lien on such exempt items under § 522(f) of the Bankruptcy Code. As discussed more fully below, all but one of the cases this Court has found regarding the exemptability of firearms as household goods in Missouri arose in the context of lien avoidance under § 522(f) of the Bankruptcy Code, and not exemptability under § 513.430.1(1) of the Missouri Statutes, which is the issue here.

Generally speaking, § 522(f) permits bankruptcy debtors to avoid nonpossessory, nonpurchase-money liens in certain property to the extent such liens impair exemptions. In *In re Thompson*,[4] the Eighth Circuit considered whether such a lien could be avoided on livestock owned by a farmer, and exempt under state law. For lien avoidance purposes, the debtors there claimed the livestock was household goods. The Eighth Circuit emphasized the distinction between state law exemptions and exemptability for lien avoidance purposes:

---

[3] Mo. Rev. Stat. § 513.430.1(1) (emphasis added).

[4] 750 F.2d 628 (8th Cir. 1984).

2

"Although a state may elect to control what property is exempt under state law, federal law determines the availability of a lien avoidance."[5]

At the time the Eighth Circuit decided *Thompson*, § 522(f)(1)(B) of the Bankruptcy Code permitted debtors to avoid non-possessory, nonpurchase-money security interests in "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."[6]  Although this language was very similar to Missouri's § 513.430.1(1), the Eighth Circuit noted that Congress enacted § 522(f)(1) because it was concerned with creditors who, in loaning money, took security interests in all of a debtor's personal belongings, and then threatened repossession as a means of coercing reaffirmation agreements from frightened debtors.[7]  In light of that legislative concern, the Eighth Circuit concluded that "only those personal goods necessary to the debtor's new beginning and of little resale value fit the federal bankruptcy philosophy embodied in section 522(f)[1]."[8]  As compared to the state law exemption statutes, which are to be construed liberally in favor of the debtor,[9] the Eighth Circuit's *Thompson* test for lien avoidance was rather restrictive.

Despite *Thompson*'s relatively restrictive test, the court in *In re Boyer* held that, for purposes of § 522(f)(1) and under *Thompson*, "household goods include

---

[5] *Id.* at 630.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 631.  *See also In re McGreevy*, 955 F.2d 957, 961-62 (4th Cir. 1992) (holding that "household goods" under § 522(f) are "those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself" and, while not declaring a *per se* rule, firearms did not meet the definition in this case).

[9] *See, e.g.*, *In re Maloney*, 311 B.R. 525, 527 (Bankr. W.D. Mo. 2004).

more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included."[10] Based on that analysis, that same court later held that a list of items which included guns fit within the definition of § 522(f)(1)'s household goods.[11] Another court held that guns were exempt under *Boyer*'s definition, and also because § 522(f)(1)(A) includes "personal property found in [a] debtor's residence, which is necessary to the functioning of a household or is normally used by and found in the residence of a debtor."[12]

On the other hand, the court in *In re Oswald* held that guns were not exempt under § 522(f)(1)(A) because "[i]tems are not 'household goods' merely because they are found in many, or most homes" and because courts from other jurisdiction had held guns were not exempt.[13]

There thus developed a split of authority on the question of whether firearms are household goods for lien avoidance purposes under § 522(f). However, as the court in *In re McCain* inferred, the definition of "household goods" for lien avoidance under § 522(f) and *In re Thompson* is more restrictive than it is for exemption purposes under § 513.430.1(1).[14] Indeed, that conclusion has been

---

[10] 63 B.R. 153 (Bankr. E.D. Mo. 1986) (holding that a lawn mower, jewelry, camera, clock/radio telephones, a television and stereo system were household goods).

[11] *In re Bowen*, 82 B.R. 102, 105 (Bankr. E.D. Mo. 1988) (applying the definition announced in *In re Boyer* to a list which included firearms).

[12] *In re Ray*, 83 B.R. 670, 673 (Bankr. E.D. Mo. 1988) (holding that a list of items which included guns "fall squarely within the realm of objects 'convenient or useful to a reasonable existence,'" and, therefore, within § 522(f)(2)(A)'s "broad definition" of "goods.").

[13] *In re Oswald*, 85 B.R. 541, 543 (W.D. Mo. 1986). *See also In re Gray*, 87 B.R. 591, 593 (Bankr. W.D. Mo. 1988) (mentioning the *Thompson* standard, but, being bound by *In re Oswald*, ruling that guns were not household goods under § 522(f)).

[14] 114 B.R. 652 (Bankr. E.D. Mo. 1990) (holding that, while firearms were "properly categorized as household goods," they were "not necessary to the Debtors' new beginning," and, therefore, not subject to lien avoidance).

4

reinforced by the fact that, as part of BAPCPA, Congress added § 522(f)(4) to narrow the definition of "household goods" for lien avoidance purposes even further.[15]

But here we are dealing with a claimed exemption under § 513.430.1(1), not lien avoidance. On that point, I found only a single case holding that firearms are not exempt under § 513.430.1(1): *In re Coffman*.[16] However, in so deciding, that court appears to rely summarily on *In re Oswald*,[17] but neither *Coffman* nor *Oswald* recognized the different standard for § 522(f) set out in *In re Thompson*.

In contrast to *Thompson*'s relatively restrictive standard for lien avoidance, the Debtors here point out that courts liberally construe Missouri exemption laws in favor of the debtor.[18] And, except for providing dollar limitations to categories of exempt items, Missouri law does not require its exemptions to be limited only to "personal goods necessary to the debtor's new beginning and of little resale value," as *Thompson* said was the case under § 522(f). As a result, I agree with the Court in *In re McCain* that, for purposes of exemptions under § 513.430.1(1), the concept of household goods includes more than those items that are indispensable to the bare existence of a debtor and his family; rather, items which, while not being luxuries, are convenient or useful to a reasonable existence should also be included.[19] In other words, as the court in *In re Ray* said, the concept of household

---

[15] *See In re Zeig*, 409 B.R. 917, 920 (Bankr. W.D. Mo. 2009). Section 522(b)(4) now defines "household goods" to mean specified items such as clothing, furniture, appliances, 1 radio, 1 television, 1 VCR, linens, china, crockery, and so forth, and expressly excludes items such as, *inter alia*, works of art and electronic entertainment equipment with FMV of more than $650.

[16] 125 B.R. 238 (Bankr. W.D. Mo. 1991).

[17] 85 B.R. 541, 543 (W.D. Mo. 1986).

[18] *In re Bryan*, 466 B.R. 460, 464 (B.A.P. 8th Cir. 2012) (citing *Norwest Bank Neb., N.A. v. Tveten* (*In re Tveten*), 848 F.2d 871, 875 (8th Cir. 1988)).

[19] 114 B.R. at 653 (citing *In re Boyer*, 63 B.R. at 159).

goods includes personal property necessary to the functioning of a household or normally used by and found in a debtor's residence.[20]  Household goods need not be used daily, or for non-recreational purposes; guns are no different than camping equipment, golf clubs, Xboxes, or bicycles, all of which are regularly approved as exempt.

In sum, guns could be found to be convenient or useful to a reasonable existence or necessary to the functioning of a household – particularly if they are kept for hunting or self-protection purposes – and, thus, exemptible under § 513.430.1(1).  By contrast, as the Debtors concede, a collection of antique guns not intended to be used for those purposes would not seem to qualify as household goods under § 513.430.1(1).

Here, the Debtors' attorney represented that the Debtors use the guns – a 12 gauge pump shotgun; a .22 pump rifle; and a 20 gauge pump shotgun, valued collectively at $250 – for hunting purposes, and the Chapter 13 Trustee does not appear to dispute that representation.  As a result, the Court finds that the three firearms at issue here are household goods under § 513.430.1(1).

One final note:  There was no dispute here as to the valuation placed on the guns by the Debtors.  Unlike certain other types of household goods, guns may not depreciate rapidly, or at all, after their purchase.  Debtors should value them with that in mind.

ACCORDINGLY, the Chapter 13 Trustee's Objection to Exemptions (Doc. No. 16) is OVERRULED.

IT IS SO ORDERED.

Dated: 10/1/2014                             /s/ Arthur B. Federman
                                             Chief Bankruptcy Judge

---

[20] *In re Ray*, 83 B.R. at 673.